IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINDY AMUNDSON,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

Defendant.

Civ. No. 3:13-cv-01548-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Mindy Amundson brings this action for judicial review of the Commissioner's

decision denying plaintiff's application for disability insurance benefits. This court has

jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Plaintiff seeks benefits as of May 14, 2007. The administrative law judge (ALJ)

determined plaintiff was not disabled as of plaintiff's last insured date of December 31, 2010. TR

30.[1] Plaintiff argues the ALJ erred by: (1) improperly discounting the credibility of the plaintiff's

testimony concerning the severity of her symptoms and the functional limitations of her

[1] "TR" refers to the Transcript of Social Security Administrative Record [ECF No. 8] provided by the Commissioner.
1 – OPINION AND ORDER

impairments; and (2) improperly discounting the opinions of two treating physicians. For the reasons stated below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner," and therefore must affirm. *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The burden of proving the claimant's disability rests upon the claimant until the fifth and final step of the analysis, at which point the burden shifts to the Commissioner to prove the claimant is capable of making an adjustment to work other than what she has done before. 20 C.F.R. § 404.1520.

2 – OPINION AND ORDER

The ALJ found that December 31, 2010 was the date that plaintiff last had social security insurance. TR 21. Plaintiff does not dispute this finding. Accordingly, plaintiff needed to demonstrate that she had a qualifying disability no later than December 31, 2010, her last insured date. The ALJ found plaintiff had the residual functional capacity (RFC) to perform light work. TR 23. Based on the testimony of the vocational expert, the ALJ determined plaintiff could perform her past relevant work as a merchandiser. TR 30. Accordingly, the ALJ found plaintiff did not qualify as disabled under the Social Security Act. *Id.*

Because the ALJ's findings are based on proper legal standards and supported by substantial evidence in the record, the ALJ's decision is affirmed.

### 1. The ALJ's Adverse Credibility Determination.

Where, as here, the plaintiff presented objective medical evidence of an impairment that could reasonably be expected to produce the pain or other symptoms she has testified to, the ALJ can reject that testimony only by giving "specific, clear and convincing reasons" for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir.2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989)).

The ALJ "may consider a wide range of factors in assessing credibility." *Ghanim v. Colvin*, 12-35804, 2014 WL 4056530, at *7 (9th Cir. Aug. 18, 2014). These factors can include "ordinary techniques of credibility evaluation," *id.*, as well as:

> (1) whether the claimant engages in daily activities inconsistent with the alleged symptoms; (2) whether the claimant takes medication or undergoes other treatment for the symptoms; (3) whether the claimant fails to follow, without

3 – OPINION AND ORDER

adequate explanation, a prescribed course of treatment; and (4) whether the
alleged symptoms are consistent with the medical evidence.

*Lingenfelter*, 504 F.3d at 1040.

The ALJ in this case supported his credibility determination with specific references to several of the above factors. The ALJ first noted that plaintiff's testimony regarding limitations and symptoms was inconsistent with the medical evidence of record. TR 24-27. That conclusion is supported by the record. For example, during an appointment with Dr. Lee in June 2010, plaintiff specifically denied back or joint pain. TR 277. Neurologist Howard Taylor, M.D., reported on a December 23, 2010 consultation on plaintiff that she had "multilevel cervical degenerative disc disease with moderate to severe bilateral neuroforaminal narrowings." TR 351. Dr. Taylor did not "suspect anything more serious" and agreed with plaintiff's suggestion of conservative treatment of ongoing physical therapy and perhaps pilates. *Id.* One month later, neurologist Tracy Sax M.D. examined plaintiff and plaintiff's MRIs and concluded the results showed only mild abnormalities. TR 532. Dr. Sax agreed that conservative treatment was appropriate. *Id.* August 2010 X-rays of plaintiff's spine were unremarkable with no acute injury. TR. 420.

The ALJ also noted the medical evidence indicated that up to the date last insured, plaintiff was generally a quite active individual. TR 29. For instance, on November 14, 2010, plaintiff reported to the emergency room complaining of chest pain, shortness of breath, and weakness. Those symptoms started three days earlier, when plaintiff was kickboxing. TR 401. During that hospital visit, plaintiff reported no back or neck pain. TR 406. In notes from a December 28, 2010 exam, Dr. Lee noted plaintiff "was not pleased with advice to change

4 – OPINION AND ORDER

lifestyle," TR 485, which included the recommendation that plaintiff no longer engage in kickboxing. TR 484.

The ALJ also noted inconsistencies in plaintiff's statements. For example, despite reporting that she was bedridden in June 2010, a phone call answered by plaintiff's partner near that time revealed plaintiff was in Portland watching her grandchildren. TR 267.

All of the above reasons constitute specific, clear and convincing reasons supporting the ALJ's adverse credibility assessment of plaintiff's claims as to the severity of her symptoms.

### 2. Opinions of Raymond Lee, D.O. & Richard Rosenbaum, M.D.

Plaintiff argues the ALJ failed to accord the proper weight to the medical opinions of Raymond Lee, D.O. and Richard Rosenbaum, M.D. Dr. Lee was plaintiff's primary care physician since the late 1990s. In November 2011, nearly one year after plaintiff's date last insured Dr. Lee filled out a questionnaire from plaintiff's attorney concerning plaintiff's limitations. TR 545-49. Amongst other limitations, Dr. Lee opined that since or before December 31, 2010, TR 549, plaintiff could stand and/or walk for one hour in an eight-hour day, and sit for two hours in an eight-hour day. TR 546. Dr. Lee opined plaintiff would miss at least 16 hours of work per month due to neck and back pain. TR 548.

The ALJ gave Dr. Lee's opinion little weight, judging it inconsistent with Dr. Lee's own treatment notes and the record as a whole. TR 28. Substantial evidence supports the ALJ's conclusions. On June 18, 2010, during an appointment with Dr. Lee, plaintiff reported no back pain. TR 277. At that visit, Dr. Lee noted plaintiff "enjoys fitness." TR 275. In notes from a December 16, 2010 appointment, Dr. Lee noted plaintiff's symptoms were no worse when she walked on the beach and she was "eager to return to exercising. TR 487. Notably, plaintiff

appeared for that appointment in "gym attire." TR 488. Dr. Lee noted plaintiff's back pain and radiculopathy had improved and he advised plaintiff to slowly resume her exercises. TR 489.

There were other notable inconsistencies between Dr. Lee's November 2011 form and his notes from the relevant time period. In November 2011, Dr. Lee opined plaintiff suffered from bilateral arm or hand functional limitations precluding her from lifting more than five pounds, or pushing or pulling. TR 545-46. Dr. Lee noted those bilateral limitations were in place on or before December 31, 2010. TR 549. Yet Dr. Lee's treatment notes from plaintiff's December 16, 2010 appointment noted plaintiff had full strength in her upper extremities. TR 488.

Where there exists conflicting medical evidence, the ALJ is charged with determining credibility and resolving any conflicts. *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). When a treating physician's opinion is contradicted by another medical opinion, the ALJ may reject the opinion of a treating physician only by providing "specific and legitimate reasons supported by substantial evidence in the record." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). As noted, much of the medical evidence suggests plaintiff's limitations as of December 31, 2010 did not prevent her from performing light work. The ALJ's determination that Dr. Lee's November 2011 opinion was inconsistent with his own earlier treatment notes, and inconsistent with the medical record as a whole, was supported by substantial evidence.

Plaintiff also argues the ALJ erred in discounting the opinion of Dr. Rosenbaum. Dr. Rosenbaum began treating plaintiff in March 2011, after plaintiff's date last insured. In November 2011, Dr. Rosenbaum completed the same questionnaire Dr. Lee filled out. TR 541-544. Dr. Rosenbaum opined that on or before December 31, 2010, plaintiff could stand and/or walk up to 15 minutes at a time and no longer than four hours in an eight hour day. TR 542. Dr. Rosenbaum listed identical sitting limitations. *Id.* Dr. Rosenbaum opined plaintiff could not

6 – OPINION AND ORDER

frequently lift or carry any weight. *Id.* Finally, Dr. Rosenbaum noted plaintiff was last able to work in 2007 and would miss more than two days of work per month due to her impairments. TR 543.

The ALJ gave little weight to Dr. Rosenbaum's opinion. TR 28. The ALJ noted Dr. Rosenbaum's opinion was inconsistent with his own treatment records and the record as a whole. As noted above, the medical evidence from December 2010 suggests plaintiff was capable of performing light work. Dr. Rosenbaum's own treatment notes are inconsistent with the limitations on the questionnaire. In June 2011, Dr. Rosenbaum noted plaintiff had normal arm and leg strength. TR 501. Dr. Rosenbaum noted plaintiff's "lumbar and cervical spondylosis [] do not explain her symptoms." TR 502. Dr. Rosenbaum told plaintiff to continue daily yoga. *Id.*

As noted by the ALJ, Dr. Rosenbaum's opinion that plaintiff was last able to work in 2007 appears to be based solely on plaintiff's own self-reporting. The medical evidence from 2007 through 2010 does not support such a finding. As late as June 2010, plaintiff reported no back or joint pain, TR 277, exercised four times per week, TR 276, and was commended by Dr. Lee for her healthy lifestyle. TR 279. As demonstrated above, the ALJ reasonably concluded plaintiff's self-reporting of her limitations was not credible.

That Dr. Rosenbaum began treating plaintiff after her date last insured is an additional reason supporting the ALJ's conclusion to give that opinion little weight. *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ provided several specific and legitimate reasons, supported by substantial evidence, in assigning little weight to Dr. Rosenbaum's November 2011 opinion regarding plaintiff's limitations on or before December 31, 2010.

7 – OPINION AND ORDER

## **CONCLUSION**

The ALJ's determination that plaintiff could perform past work is supported by the record and free of legal error. The Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this __16__ day of October, 2014.

Michael McShane
United States District Judge

8 – OPINION AND ORDER